[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THE DEFENDANTS' MOTIONS TO STRIKE
The plaintiff, Harold Cole, filed a six-count revised complaint on August 13, 1999, against the two defendants, Federal Hill Dental Group, P.C., (Federal Hill), formerly known as Joseph A. Cydylo, Jr., D.M.D.
W. Stephen Randall, D.M.D., P.C. and Warren Stephen Randall, D.M.D. (Randall). The plaintiff's complaint sounds in fraud, misrepresentation, intentional infliction of emotional distress and violations of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes §42-110a, et seq. Currently before the court are two motions to strike the CT Page 9374-p fifth and sixth counts that are based on alleged violations of CUTPA by the defendants Randall and Federal Hill, respectively.
The following facts are alleged in the plaintiff's revised complaint. From 1983 to 1997, the plaintiff was a patient of defendant Randall. Throughout this time, the defendant Randall was a licenced dentist in the state of Connecticut and an employee, agent and/or officer of defendant Federal Hill, a corporation organized and existing under the laws of the state of Connecticut. During these years of treatment, the defendant Randall recommended and prescribed certain medicines, pills, antibiotics and/or narcotics (medicines) on numerous occasions. The plaintiff maintains that throughout this period of time, the defendant Randall intended to defraud the plaintiff by exchanging the prescriptions with alternative medicines and knowingly misrepresented to the plaintiff that what was in the prescription containers was in fact that which was identified on the printed prescription label. On several occasions, the defendant Randall allegedly notified the plaintiff that he was going to the plaintiff's house to exchange the medicines with alternatives. The defendant Randall also met the plaintiff at his residence and at prescription centers to substitute the identified medicines with alternatives. On at least one occasion, the defendant Randall informed the plaintiff that medicines prescribed only one month prior had expired and needed to be replaced. Finally, on at least one other occasion, an investigation determined that the prescribed medicines were not those which were identified on the printed label on the bottle. The plaintiff claims that defendant Randall exchanged his prescriptions for over-the-counter pain relievers such as Tylenol, Sudafed and Advil.
The plaintiff maintains that by the defendant Randall's manipulation and persistent persuasion over the years, he was induced to fill these prescriptions because he was led to believe that, based on his diagnoses, they were necessary for the plaintiff's treatments and general health maintenance. One such diagnosis was that of narcolepsy, an illness for which the plaintiff showed no symptoms. Furthermore, the plaintiff contends that the defendant Randall ruthlessly exploited him, an elderly patient, by misusing his position of trust to feed the defendant Randall's own drug addiction.
As a result, the plaintiff suffered severe psychological, mental and emotional anguish, anxiety and distress.[1] Count five of the plaintiffs complaint incorporates all of the above, and adds that the foregoing constitutes a violation of CUTPA in that defendant Randall's actions were immoral, unethical, oppressive and unscrupulous. In addition, count six of the plaintiff's complaint incorporates all of the CT Page 9374-q above and adds that the defendant Federal Hill knew or should have known of defendant Randall's actions and dental treatment of the plaintiff. The plaintiff maintains that as a result, the foregoing also constitutes a violation of CUTPA by defendant Federal Hill in that its actions, through its agents, officers and/or employees, were immoral, oppressive and unscrupulous.
There are two motions to strike currently before the court.[2] The defendant Federal Hill moves to strike count six (#108) and the defendants Randall and W. Stephen Defendant Randall, D.M.D., P.C. move to strike counts five and six (#109) of the plaintiff's revised complaint.[3] Both motions are based on the grounds that the allegations are insufficient to pursue a cause of action under CUTPA. On April 17, 2000, the plaintiff timely filed an objection and memorandum in opposition to the motions to strike. The court heard oral arguments at short calendar on April 17, 2000, and now issues this memorandum of decision.
"Whenever any party wishes to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39; seePeter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). "This includes the facts necessarily implied and fairly provable under the allegations." WestportBank Trust Co. v. Corcoran, Malin Aresco, 221 Conn. 490, 495,221 A.2d 490 (1992). The motion to strike, however, "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., supra, 580.
In its supporting memorandum, the defendant Federal Hill argues that count six is based solely in negligence and is simply renamed as a CUTPA violation. The defendants Randall and W. Stephen Defendant Randall, D.M.D., P.C. argue in their supporting memorandum that the CUTPA claims in counts five and six should be stricken because they merely restate the allegations in counts one and two, respectively, which support claims for fraudulent misrepresentation, and do not amount to CUTPA violations. The defendants[4] maintain that, as a matter of law, these allegations are CT Page 9374-r insufficient to support a CUTPA claim because they do not implicate the defendants' entrepreneurial and business aspects of the profession as required in order to subject a medical professional to CUTPA scrutiny. See Haynes v. Yale-New Haven Hospital, 243 Conn. 17, 699 A.2d 964
(1997).
In opposition, the plaintiff argues that the revised complaint plainly, concisely and with sufficient specificity states a cause of action against the defendants for CUTPA violations. Further, the plaintiff argues that his allegations in counts five and six do not sound in professional negligence or malpractice. The plaintiff contends that defendant Randall's repeated, fraudulent conduct[5] of falsely administering medicines and misappropriating them back for his own use and financial gain is appropriately classified as an entrepreneurial and business aspect of the profession and properly implicates CUTPA scrutiny.[6]
First, the court addresses the CUTPA claim against the defendant Randall alleged in count five. For the purpose of scrutinizing the practices of health care providers under CUTPA, it is essential to first determine whether the practices fall within the scope of the Act. Section42-110b(a) states that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." "Trade" and "commerce" is defined as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." General Statutes § 42-110a (4).
Our courts recognize "that the provision of medical services falls within CUTPA's definition of trade or commerce as the distribution of services." (Internal quotation marks omitted.) Haynes v. Yale-New HavenHospital, supra, 243 Conn. 32. But "[a]lthough . . . health care providers are subject to CUTPA, only the entrepreneurial or commercial aspects of the profession are covered . . ."; id., 34; "such as the solicitation of business and billing practices, as opposed to claims directed at the competence of and strategy employed by the defendant." (Internal quotation marks omitted.) Id., 35-36. Therefore, "[t]he touchstone for a legally sufficient CUTPA claim against a health care provider is an allegation that an entrepreneurial or business aspect of the provision of services aside from medical competence is implicated, or aside from medical malpractice based on the adequacy of staffing, training equipment or support personnel." Id., 38. CT Page 9374-s
In Zabensky v. Lawrence Memorial Hospital, Superior Court, judicial district of New London, Docket No. 545872 (August 5, 1999, Martin, J.), the court denied the defendant physician's motion to strike finding the defendant's conduct of dishonoring an agreement between the parties and billing practices for unwanted treatment sufficiently concerned the entrepreneurial and commercial aspects of the defendant's medical practice. See also Farino v. Chairelli, Superior Court, judicial district of New Haven at Meriden, Docket No. 262708 (March 16, 1999, Beach, J.) (motion to strike CUTPA claim denied where defendant failed to provide a receipt or accounting of sums received during legal representation).
On a motion to strike the court can consider "facts necessarily implied and fairly provable under the allegations." Westport Bank Trust Co. v.Corcoran, Malin Aresco, 221 Conn. 490, 495, 221 A.2d 490 (1992). Here, the plaintiff alleges that the defendant Randall repeatedly and fraudulently administered unnecessary medicines and misappropriated them back for his own use and financial gain. These claims do not address the defendant Randall's competence as a dentist or allege professional negligence, such as medical malpractice. See Haynes v. Yale-New HavenHospital, supra, 243 Conn. 34. These allegations do, however, suggest that defendant Randall's continued fraudulent diagnoses and misappropriation of prescriptions financially benefitted [benefited] the defendant Randall while providing no medical treatment or benefit to the plaintiff. Accordingly, the court finds that the plaintiff's allegations sufficiently concern the entrepreneurial or commercial aspects of the defendant's medical practice and properly implicate CUTPA scrutiny.
Next, the court addresses the motions to strike the CUTPA claim against defendant Federal Hill alleged in count six. Both defendants Federal Hill and W. Stephen Randall, D.M.D., P.C. argue that the allegations are insufficient because they do not relate to the entrepreneurial and business aspects of the profession as required. As discussed previously with regard to count five, the court finds that the allegations sufficiently concern the entrepreneurial and business aspects of the profession.
Moreover, in light of the allegations set forth in count six, it is incumbent upon the court to address the issue of corporate liability for torts committed by its agents, officers and/or employees. The plaintiff alleges that defendant Federal Hill "knew or should have known" of defendant Randall's actions, therefore defendant Federal Hill's actions, through its agents, employees and/or officers were immoral, unethical, oppressive and unscrupulous. These allegations suggest that the plaintiff CT Page 9374-t seeks to hold the defendant Federal Hill vicariously liable for the tortuous actions of its agents, employees and/officers (i.e., the defendant Randall).
In A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 579 A.2d 69
(1990), the plaintiff alleged it had been defrauded by an employee of the defendant while working in the course of his employment. "Although the trial court determined that Pepperidge Farm could not be held vicariously liable for [the employee's] actions, it concluded that Pepperidge Farm nevertheless had violated CUTPA because of its negligence in failing to supervise [its employee] adequately." Id., 214. On review, our Supreme Court applied the "cigarette rule"[7] to determine whether the practice was unfair under CUTPA. Id., 215. Similarly, in the instant case, the plaintiff purports to impose liability on an employer for the fraudulent conduct of its employee. Given that the Court found these allegations sufficient to review on their merits in A-G Foods, Inc., it is clear that the current allegations sufficiently allege facts actionable under CUTPA and therefore, survive a motion to strike.
Based on the foregoing, and upon construing the facts alleged in the revised complaint most favorably to the plaintiff, the court finds that the allegations in counts five and six support a cause of action in CUTPA. Accordingly, both motions to strike are hereby denied.
BY THE COURT
Hon. Andre M. Kocay, Judge